UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAURICE WILLIAMS,            )
                             )
         Plaintiff,          )
                             )
    v.                       )   No. 4:08-CV-888-CEJ
                             )
MARY DAMES FOX,              )
                             )
         Defendant.          )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Maurice Williams (registration no. 92079) for leave to commence this action without payment of the required filing fee.[1]

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

---

[1] The Court instructed plaintiff to submit a certified copy of his prison account statement no later than September 2, 2008 [Doc. #8]. On August 15, 2008, plaintiff informed the Court that despite his efforts to comply, the institution refuses to issue a certified copy of his prison account statement [Doc. #10]. In light of these facts, the Court will not assess an initial partial filing fee at this time.

facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, seeks injunctive relief in this 42 U.S.C. § 1983 action against defendant Mary Dames Fox. Plaintiff alleges that Fox is "charged with running the public defender's office." He claims that she "is giving the asst. public defenders an overwhelming amount of clients . . . for which the office is rendering ineffective assistance to the cases." Moreover, Fox is "limiting contact by telephone to 3 hours per day for over 1000 incarcerated individuals." Plaintiff further claims that Fox is not allowing him to assist with his own defense and that "[t]he present function of Ms. Fox and the office is unethical, ineffective, and unconstitutional." For relief, plaintiff asks the Court to order defendant "to come into federal compliance with the

number of cases assigned to each attorney and to give better representation along with making their office more accessible."

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous. Public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Parratt v. Taylor, 451 U.S. 527, 535 (1981)(to state a § 1983 claim, plaintiff must first establish that a person acting under color of state law committed the actions which form the basis of the complaint), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Therefore, the allegations plaintiff makes against the defendant in this case do not support a claim under § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue in this case, because the amended

complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

Dated this 2nd day of September, 2008.

_____
**UNITED STATES DISTRICT JUDGE**